UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RANDY RIALS and MONTRELL SMITH,**<br>    **Plaintiffs**<br><br>**v.**<br><br>**SHORE OFFSHORE SERVICES, LLC,**<br>    **Defendant** | **CIVIL ACTION NO.: 21-0709** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, *et seq.*, defendant, Shore Offshore Services, LLC ("Shore"), files its Notice of Removal of this civil action to the United States District Court for the Southern District of Texas, Houston Division, and respectfully represents as follows:

**The Pending State Court Action**

**1.**

On February 10, 2021, plaintiffs, Randy Rials and Montrell Smith ("Plaintiffs"),[1] filed a civil action in the 129th District Court in Harris County, Texas, naming Shore as the sole defendant in Cause No. 2021-08468, entitled "*Randy Rials and Montrell Smith v. Shore Offshore Services, LLC*."

**2.**

A copy of *Plaintiffs' Original Petition* ("Petition") and copies of two (2) requests for issuance of service of citation by the Plaintiffs are attached hereto as *In Globo* Exhibit "Shore 1." The Petition has not yet been served upon Shore; and, upon information and belief, the aforesaid documents represent the entire record of the state court proceedings.

---

[1] Mr. Rials is an alleged citizen and resident of Mississippi, and Mr. Smith is an alleged citizen and resident of Louisiana.

**3.**

Plaintiffs' allegations against Shore relate to personal injuries purportedly sustained by Plaintiffs on or about October 28, 2020, while Plaintiffs were working aboard the D/B THOR, a vessel alleged by Plaintiffs to be owned and operated by Shore. *See* Petition at *In Globo* Exhibit "Shore 1." Plaintiffs allege that their claims are maintained under "the Jones Act (46 U.S.C. § 30104) and the general maritime law of the United States."

**4.**

At all times material hereto, Plaintiffs were employed by C&G Welding, Inc. ("C&G"), one of no fewer than six (6) of Shore's subcontractors on the decommissioning project at issue in this case. Shore did not employ Plaintiffs in any capacity; and, counter the Plaintiffs' contentions, as more-particularly shown below, Plaintiffs are not "borrowed employees" of Shore.

**5.**

At the time of Plaintiffs' alleged injuries, Shore was contracted by an offshore oil and gas platform operator to decommission Platform JA, a fixed oil and gas development, production, and transportation platform, permanently affixed to Block 259, Ship Shoal Area, on the Outer Continental Shelf, off the Coast of Louisiana (hereafter "SS 259-JA").

**6.**

The platform owner, in accordance with its mineral lease with the U.S. Government, Department of the Interior covering SS 259-JA, the federal regulations promulgated thereto (*see, e.g.,* 30 C.F.R. § 250.1725), and in accordance with the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1337(p)(6)(C), is obligated to plug and abandon all wells and to decommission all structures that were erected at SS 259-JA.

**7.**

Commencing on October 21, 2020, the D/B THOR was decommissioning the SS 259-JA but, due to the forecasted path of Hurricane Zeta, such required the D/B THOR to relocate from SS 259-JA to seek safe harbor from the Hurricane. The D/B THOR was docked at Port Fourchon, Louisiana and was to re-commence decommissioning efforts on the SS 259-JA platform after the hurricane's passage. Shore was being paid by Fieldwood on a "weather rate" during this period.

**8.**

Plaintiffs allege at Paragraph 5.3 of the Petition:

> On or about October 28, 2020, the D/B Thor was docked at the Port of Fourchon due to the expected weather conditions caused by Hurricane Zeta. The lines securing the vessel to the dock broke and the vessel left the dock, adrift on the water. Following this, the barge went down the canal striking several vessels along the way. Plaintiffs sustained serious injuries as a result of the collisions that occurred.

*See* Petition at *In Globo* Exhibit "Shore 1."

**9.**

As a result of the alleged incident, the Plaintiffs claim to have sustained, *inter alia*, mental anguish in the past and future, lost earnings, loss of earning capacity, disfigurement in the past and future, physical impairment in the past and future, medical expenses in the past and future, physical pain and suffering in the past and future, and punitive damages. *See* Petition at *In Globo* Exhibit "Shore 1."

**10.**

At all material times, the D/B THOR was rendering services in connection with the SS 259-JA platform decommissioning services, not only in housing personnel who worked or were scheduled to work aboard SS 259-JA, but also in the transportation of personnel, equipment, and material to and from shore to SS 259-JA and to and from SS 259-JA to shore as part of SS 259-

JA's operations as an oil and natural gas production platform undergoing plug, abandonment, and decommissioning activities.

**11.**

Presently, no action has been taken by the state court in its proceeding.

## Timing of Removal

**12.**

Shore has not yet been served with the Petition and Summons. This Notice of Removal is timely in accordance with 28 U.S.C. § 1446(b)(1) because this Notice of Removal was filed within thirty (30) days of first notice of the action and, in any event, within thirty (30) days of Plaintiffs' filing of suit.

**13.**

This case is removable to this Court pursuant to 28 U.S.C. § 1441(a) as being a civil action brought in state court, but over which this federal district court has original jurisdiction.

## OCSLA Jurisdiction

**14.**

Pursuant to OCSLA, this Court has original jurisdiction over "cases and controversies arising out of, or in connection with … any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf…" 43 U.S.C. § 1349(b)(1); *see also* 43 U.S.C. § 1333(a)(1)-(2). The United States Court of Appeal for the Fifth Circuit ("Fifth Circuit") broadly interprets this jurisdictional grant under OCSLA. *See, e.g., In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014), *cert. denied*, 135 S.Ct. 401 (2014).

**15.**

The Fifth Circuit applies a "but-for test" for determining the existence of OCSLA jurisdiction, asking "whether (1) the activities that caused the injury constituted an 'operation' 'conducted on the Outer Continental Shelf' that involved the exploration and production of minerals, and (2) the case 'arises out of, or in connection with' the operation." *Id*. at 163-64 (quoting *EP Operating Ltd. P'ship v. Placid Oil Co*., 26 F.3d 563, 568-69 (5th Cir. 1994)). Both requirements for jurisdiction under OCSLA are satisfied here.

**16.**

First, Randy Rials served as an oiler for C&G; and Montrell Smith served as a rigger for C&G. *See* Exhibit "Shore 2," *Declaration of Cody Sims*. Plaintiffs' employment with C&G furthered mineral development on the Outer Continental Shelf ("<u>OCS</u>") by engaging in platform decommissioning. As represented by the platform owner's operations and Shore's operations at SS 259-JA, such were and are conducted on the OCS in connection with the extraction of mineral resources from beneath the seabed. Thus, Plaintiffs' work and anticipated work on the D/B THOR was in direct connection with mineral development operations on the OCS. "Activities relating to the plugging and abandoning of oil and gas facilities on the [Outer Continental Shelf] constitute operations under OCSLA," including, but not, limited to ***decommissioning activities***, as were being performed in this case. *See, e.g., Total E&P USA, Inc. v. Marubeni Oil & Gas (USA), Inc.*, CV H-16-2674, 2017 WL 5127212, at *1 (S.D. Tex. Sept. 11, 2017) (Hittner, J.) (denying remand, finding subject matter jurisdiction under OCSLA, and applying the *Deepwater Horizon* test in a matter involving decommissioning activities).

**17.**

Second, Plaintiffs' alleged injuries would not have occurred but for Shore's operations at SS 259-JA and the need for Plaintiffs as a rigger and an oiler for C&G aboard the D/B THOR. Indeed, if Plaintiffs had not been assigned to work on the D/B THOR, then they would never have been on the D/B THOR where they were allegedly injured. *See, e.g., Sam v. Laborde Marine, L.L.C.*, CV H-19-4041, 2020 WL 59633, at *3 (S.D. Tex. Jan. 6, 2020) ("Plaintiff's injury would not have occurred but for his assignment as an inspector on the platform, meaning his case arising from those injuries is 'in connection with' his duties on the platform. Both elements for OCSLA jurisdiction are therefore satisfied.") (citations omitted); *see also Hubbard v. Laborde Marine LLC*, CV 13-5956, 2014 WL 12776414, at *2 (E.D. La. June 2, 2014) ("Plaintiff would not have been aboard the M/V RIG RUNNER but-for the extraction of minerals from the OCS. Accordingly, his injuries are sufficiently related to the operations on the OCS for this Court to exercise jurisdiction.").

**18.**

The issue of whether an action is removable is not determined by the substantive law applicable to the Plaintiffs' claims, but rather by the existence of subject matter jurisdiction in federal court. "OCSLA *explicitly provides* that district courts have federal question jurisdiction over claims occurring on the Outer Continental Shelf." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013) (emphasis in original) (citing 43 U.S.C. § 1333(a)(1)). Thus, "even though maritime cases are exempted by statute from original [federal] question jurisdiction" under the "saving to suitors" clause, "OCSLA statutorily restores federal question jurisdiction over these claims even when they apply maritime law as the substantive law of decision." *Id*. at 220-21. "The existence of OCSLA jurisdiction makes [a] case removable even if the applicable substantive law

is maritime." *See generally In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on April 20, 2010*, MDL 2179, 2017 WL 5625811, at *2 (E.D. La. Nov. 22, 2017); *see also Apache Deepwater, LLC*, 2019 WL 9899512, at *4 n.4 ("Hsieh also contends that his general maritime law claim precludes removal. **Not so**. See Tenn. Gas Pipeline, 87 F.3d at 155–56.") (emphasis added).

**19.**

Irrespective of the Plaintiffs' ability to plead and prove viable maintenance and cure and unseaworthiness claims (which are denied), as explained above, it is well-settled that such claims (under general maritime law) are subject to removal here given the presence of concurrent OCSLA jurisdiction.

**20.**

Further, though fraudulently plead here (see below), a claim under the Jones Act does not preclude removal to federal court where OCLSA jurisdiction is invested. *See Hsieh v. Apache Deepwater, LLC*, CV 19-408-BAJ-JW, 2019 WL 9899512, at *4 (M.D. La. Aug. 23, 2019) (emphasis added) (footnotes and record references omitted)*, reconsideration denied*, CV 19-00408-BAJ-DPC, 2020 WL 3603746 (M.D. La. July 2, 2020). Where a Jones Act claim is properly asserted against an employer (unlike here), that claim against the employer is normally severed and remanded to state court. *Id*; 28 U.S.C. § 1441.

**21.**

For the reasons given above, OCSLA jurisdiction exists over this case based on the "but-for test" applied in the Fifth Circuit; and the case is properly removable on that basis.

### Plaintiffs Were Not "Borrowed Employees" of Shore

**22.**

At Paragraph 5.2 of the Petition, in attempt to fraudulently plead a Jones Act claim and a claim for maintenance and cure under general maritime law against Shore, ***who is not Plaintiffs' employer***, Plaintiffs alleged in a conclusory manner: "At all material times hereto, Plaintiffs were borrowed employees of Shore." First, such allegation is an admission that Shore was not the payroll or actual employing entity of the Plaintiffs, but that entity, C&G, is not referenced in the suit. Second, such allegation is demonstrably false. *See Carrigan v. M/V AMC AMBASSADOR*, CIV.A. H-13-03208, 2014 WL 358353, at *2 (S.D. Tex. Jan. 31, 2014); *see also Savona v. Sea Bulk Mgmt., Inc.,* CIV. A. 94-2088, 1994 WL 532615, at *2-3 (E.D. La. Sept. 28, 1994). An employer-employee relationship is essential to a claim under the Jones Act and for maintenance and cure.

**23.**

In determining "borrowed employee" (or "borrowed servant") status, the Fifth Circuit has identified nine (9) factors that a district court should consider, commonly referred to as the *Ruiz* factors:

(1) Who has control over the employee and the work he is performing, beyond mere suggestion of details or cooperation?

(2) Whose work is being performed?

(3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer?

(4) Did the employee acquiesce to the new work situation?

(5) Did the original employer terminate his relationship with the employee?

(6) Who furnished the tools and the place for performance?

(7) Was the new employment over a considerable length of time?

(8) Who had the right to discharge the employee?

(9) Who had the obligation to pay the employee?

*See Ruiz v. Shell Oil Co.*, 413 F.2d 310, 312–13 (5th Cir. 1969) ("no one of these factors, or any combination of them, is decisive.").

**24.**

Here, Plaintiffs were employees of C&G, a welding, rigging, and oiling subcontractor to Shore on the decommissioning project at issue. Shore and C&G have in place a Master Service Agreement ("MSA"), dated May 22, 2017, providing for terms regarding, *inter alia*, allocation of risk and payment for C&G's services; and at all times C&G was working as an independent contractor of Shore. Shore had no choice as to which of C&G's employees C&G sent to perform the rigging or oiling work on the project. Shore was not involved with aspects of training the Plaintiffs to perform their respective tasks, and Plaintiffs provided their own skills necessary to perform their respective tasks as employees of C&G. Shore did not supervise the Plaintiffs while they performed their respective tasks, and Shore did not control the rigging or oiling of machinery the workers performed beyond suggestion of details or cooperation. Shore did not pay any of the Plaintiffs' wages. Shore has no ability to hire or terminate Plaintiffs' employment. Shore is unaware of any termination of Plaintiffs' respective work relationships with C&G and has had no discussions with the Plaintiffs regarding new employment (if any). *See* Exhibit "Shore 2," *Declaration of Cody Sims*.

**25.**

Shore is not the "borrowing employer" of the Plaintiffs. The allegation by Plaintiffs that they are "borrowed employees of Shore" is, respectfully, fraudulently plead in an attempt to defeat removal. Removal is proper.

**Plaintiffs' Status as Seamen**

**26.**

As noted above, Shore was not the employer or "borrowing employer" of the Plaintiffs. Thus, while Shore submits that the Plaintiffs were not "crew members" of or assigned to the D/B THOR, at this time, Shore is not in the best position to provide evidence to controvert the seaman status of the Plaintiffs, which is material to the Plaintiffs' ability to bring a claim for unseaworthiness or under the Jones Act and for maintenance and cure against their employer, C&G. Indeed, Shore, since it was not Plaintiffs' employer, does not have access to Plaintiffs' work histories on other vessels[2] to presently be in a position to calculate whether Plaintiffs' spent at least thirty percent (30%) of their total employment time (with C&G) on vessels under common ownership or control. *See Chandris, Inc. v. Latsis*, 115 S.Ct. 2172 (1995).

**27.**

Though such does not inherently affect the propriety of Shore's removal herein, out of an abundance of caution, all arguments and/or defenses in connection with the Plaintiffs' seaman status are reserved by Shore.

**Alternative Basis for Jurisdiction**

**28.**

Alternatively, this action is removable under 28 U.S.C. § 1441(a), because this suit involves a controversy over which this Court has original jurisdiction based on admiralty tort jurisdiction under 28 U.S.C. § 1333(1). The alleged incident at issue occurred on a vessel on a navigable waterway in the State of Louisiana and was related to a traditional maritime activity. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995) (stating

---

[2] *See* Exhibit "Shore 2," *Declaration of Cody Sims.*

"[a]fter *Sisson* [*v. Ruby*, 497 U.S. 358 (1990)], then, a party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity.").

## Venue

**29.**

Pursuant to 28 U.S.C. § 1441(a), venue for a removed action is proper in this Court, as the District Court of Harris County, Texas, where the state action is pending, is located within this district and division. *See* 28 U.S.C. § 124(b)(2). However, Shore expressly reserves all rights and objections to personal jurisdiction over it, all Rule 12 defenses, and all objections to venue.

## Responsive Pleadings

**30.**

As of the date of removal, no answer has been filed by Shore in the state court proceeding. Shore will file responsive pleadings to the Petition within the delays permitted by law and/or as ordered by the Court. *See* Fed. R. Civ. P. 81(c)(2).

## Notice to Adverse Parties and to the State Court

**31.**

As the removing party, Shore will give Plaintiffs prompt written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d).

**32.**

In accordance with 28 U.S.C. § 1446(d), Shore also will file a copy of this Notice of Removal with the Clerk of Court for Harris County, Texas, and will serve these pleadings on Plaintiffs' counsel.

**Parties and State Court Information**

**33.**

Pertinent information regarding the parties in this case, their counsel, and the state court proceedings is as follows:

1.) Plaintiffs, Randy Rials and Montrell Smith, are represented by:

   Marcus R. Spagnoletti (State Bar No. 24076708)
   mspagnoletti@spaglaw.com
   Eric J. Rhine (State Bar No. 24060485)
   erhine@spaglaw.com
   SPAGNOLETTI LAW FIRM
   401 Louisiana Street, 8th Floor
   Houston, Texas 77002
   713.653.5600 (T)
   713.653.5656 (F)

2.) Defendant, Shore Offshore Services, LLC, is represented by:

   Gavin H. Guillot, T.A.
   TX Bar No.: 24099123
   SDTX Federal ID No: 2236795
   Aaron B. Greenbaum
   TX Bar No. 24110938
   SDTX Federal ID No. 2023921
   Salvador J. Pusateri
   TX Bar No.: 24072867
   SDTX Federal ID No: 438301
   **PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
   1100 Poydras Street, Suite 2250
   New Orleans, LA 70163
   Telephone: 504-620-2500
   Facsimile: 504-620-2510
   Gavin.Guillot@pjgglaw.com
   Aaron.Greenbaum@pjgglaw.com
   Salvador.Pusateri@pjgglaw.com

3.) This case is being removed from the 129th District Court of Harris County, Texas, which is located at:

   129th District Court of Harris County, Texas
   201 Caroline, 10th Floor
   Houston, Texas 77002

**34.**

Shore reserves all rights, including, but not limited to, all defenses permitted by Rule 12 of the Federal Rules of Civil Procedure and all other jurisdictional and procedural defenses, all defenses to the merits of this action, as well as any rights available to it under Rule F of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims. Shore further expressly reserves all rights, claims, causes of action, defenses, and/or objections in connection with concurrent jurisdiction under both admiralty and OCSLA grounds, including, but not limited to, all rights under Fed. R. Civ. P. 9(h), 46 U.S.C. § 30501, et seq., and Rule F of the Supplemental Rules for Admiralty Claims and Asset Forfeiture Actions.

**35.**

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel signing on behalf of Shore, certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension modification, or reversal of existing law, and that it is not interposed for any improper purpose.

**WHEREFORE**, defendant, Shore Offshore Services, LLC, hereby removes this action to the United States District Court for the Southern District of Texas, Houston Division.

**[SIGNATURE ON FOLLOWING PAGE]**

Respectfully Submitted,

*/s/ Gavin H. Guillot*_____
Gavin H. Guillot, T.A.
TX Bar No.: 24099123
SDTX Federal ID No: 2236795
Aaron B. Greenbaum
TX Bar No. 24110938
SDTX Federal ID No. 2023921
Salvador J. Pusateri
TX Bar No.: 24072867
SDTX Federal ID No: 438301
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Gavin.Guillot@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Salvador.Pusateri@pjgglaw.com
**ATTORNEYS FOR SHORE OFFSHORE SERVICES, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March, 2021, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Gavin H. Guillot*